UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-CV-846-_____

| | |
|---|---|
| TONYA LIGHTNER<br>    *Plaintiff*,<br><br>v.<br><br>INLIVIAN., formally known as the CHARLOTTE HOUSING AUTHORITY; AND MONICA NATHAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>    *Defendants.* | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br><br>**Electronically Filed** |

**NOW COMES**, Plaintiff, **TONYA LIGHTNER**, hereinafter referred to as ("Ms. Lightner"), by and through her counsel of record, Shayla C. Richberg, and hereby moves this Honorable Court, for damages against Defendants alleging: (1) Retaliatory Discrimination, pursuant to, 42 U.S.C. § 1983, *et seq.* as amended and (2) Denial of The Equal Protection of the Laws Under the Fourteenth Amendment to the United States Constitution, pursuant to, 42 U.S.C. § 1983, *et seq.* as amended.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Ms. Lightner has exhausted all required administrative remedies.

2. Ms. Lightner provided Defendants with notice of claims prior to the filing of this action.

## PARTIES

3. Ms. Lightner is a current citizen and resident of Fort Bend County, Missouri County, Texas.

4. At all relevant times hereto, Ms. Lightner was a resident and citizen of Mecklenburg County, Charlotte, North Carolina.

5. Defendant Inlivian is, and at all relevant times hereto, a North Carolina Municipal Corporation duly organized and existing under the laws of the State of North Carolina with its registered office and agent located in Mecklenburg County, Charlotte, North Carolina.

6. Upon information and belief, Defendant Inlivian has waived governmental immunity and all other forms of immunity against itself and its employees that may otherwise have been applicable in this action by purchasing liability insurance, participation in a risk pool, settling similar claims, and/or as otherwise provided by law.

7. At all times relevant hereto, Defendant Monica Nathan, (hereinafter Nathan) was employed by Defendant Inlivian as the Vice President of Operations.

8. Upon information and belief, Defendant Nathan is a citizen and resident of Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

9. That the primary acts occurred in Mecklenburg County, Charlotte, North Carolina.

10. At all material times herein, Ms. Lightner was employed by Defendants.

11. Upon information and belief, at all material times herein, Defendants have had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce in the State of North Carolina.

12. At all times material hereto, Defendants had more than 500 employees in each of the 20 or more calendar weeks in the current or preceding calendar year.

13. That this Court has Subject Matter Jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution laws, and treaties of the United States.

14. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil actions authorized by law to be brought by any person to redress the deprivation under color of State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or for all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

15. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

16. That this court has Personal Jurisdiction over Defendants, as Defendants reside in the State of North Carolina and all material events giving rise to this cause of action occurred in Mecklenburg County, North Carolina.

17. That all material events giving rise to this cause of action occurred in Mecklenburg County, North Carolina. All Defendants exist and/or reside in Mecklenburg County, North Carolina. Under 28 U.S.C. § 1391 (b), venue is proper in the United States District Court for the Western District of North Carolina.

## STATEMENT OF THE FACTS

18. Ms. Lightner is a black woman over the age of forty ("40") and was employed with Defendants since March 7, 2005, until her termination on or around July 30, 2021.

19. Ms. Lightner was the Coordinator for Defendant's Homeownership Program making an annual salary of sixty-five thousand dollars ($65,000).

20. Ms. Lightner's main responsibilities included processing applications for residents that desired to receive assistance from the homeownership program.

21. That the homeownership program is a federally funded program administered by the State of North Carolina, City of Charlotte to assist residents that are historically ineligible to receive a home loan due to having a lower credit score and/or experiencing financial challenges, which typically ends up being minority and elderly residents.

22. On or around October of 2020, Ms. Lightner, was instructed by her supervisor Defendant Nathan, to discriminate against applicants by not processing certain eligible homeownership applications.

23. Ms. Lightner was instructed not to submit applications from applicants that were considered elderly.

24. Additionally, Ms. Lightner was instructed not to submit applications from applicants that had low credit scores, even though participation in the department's credit repair workshops were a part of the homeownership program.

25. Ms. Lightner was instead instructed to prioritize the applications of Defendant Nathan's associates over other interested applicants and was not allowed to create a waitlist for those applicants that were not considered.

26. Most of the applicants Defendant Nathan instructed Ms. Lightner to prioritize over the other qualified residents were those applicants that used lenders and realtors connected to Defendant Nathan.

27. If Ms. Lightner failed to prioritize applications per the instructions of Defendant Nathan, she was threatened and harassed and told that the applicants selected against Defendant Nathan's instructions would be cancelled.

28. That Defendant Nathan's instructions were in violation of the North Carolina and Federal Fair Housing Act.

29. Defendant Nathan's instructions created disparate treatment to minority applicants that were members of protected racial and age classes.

30. Ms. Lightner complained directly to Defendant Nathan on several occasions that she felt that Defendant Nathan's instructions to her amounted to race discrimination, age discrimination, and violations of the Fair Housing Act.

31. That Ms. Lightner's complaints resulted in retaliation and a hostile work environment where she was written up several times and Defendant Nathan would refuse to speak to Ms. Lightner while on the job.

32. That Ms. Lightner notified Sandra Pizarro, the Executive Vice President of Operations and Talent that Defendant Nathan was discriminating against applicants and violating Fair Housing Policies.

33. That Ms. Lightner notified Tomico Evans, the Executive Vice President of CORE and the supervisor of Defendant Nathan that Defendant Nathan was discriminating against applicants and violating Fair Housing Policies.

34. As a result of such, Ms. Lightner complained to human resources; however, no action was taken by Defendants to address the unethical behavior, rather, she experienced more retaliatory behavior from Defendant Nathan in the form of unsubstantiated write-ups.

35. That Defendants continued pattern of retaliation against Ms. Lightner for engaging in her protected right to complain of discrimination and to be free of discrimination in the workplace created a hostile work environment for Ms. Lightner.

36. That Ms. Lightner was diagnosed with anxiety and suffered from several panic attacks.

37. That Ms. Lightner's exposure to a hostile work environment and retaliation forced her to resign and was therefore Constructively Discharged by Defendants.

38. That Ms. Lightner feels that Defendants Constructively Discharged her because continued work for Defendants would result in her violating the law.

## COUNT ONE
## RETALITORY DISCRIMINATION; 42 U.S.C. 1983

I. **Ms. Lightner experienced a pattern of adverse employment actions after she engaged in her protected right to complain of discrimination and Defendants violations of the Fair Housing Act and Policies and Procedures.**

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 and incorporates the same by reference herein as if again fully set forth.

40. Ms. Lightner's complaints of discrimination amounted to protected activity.

41. Defendants took adverse employment action against Ms. Lightner, by writing her up for refusing to discriminate against applicants based on race, age, and other various discriminatory factors, in violation of federal and state housing authority law.

42. Defendants took adverse employment action against Ms. Lightner, by giving her negative performance evaluations, writeups, and failure to talk or supervise her without just cause.

43. Defendants took adverse employment action against Ms. Lightner, by retaliating against her which ultimately led to her resignation.

44. That a causal connection may be inferred due to the time frame between her engagement of protected activity and write ups.

45. That at the time of termination Ms. Lightner was performing at a satisfactory level.

46. That Defendants constructive termination of Ms. Lightner was an intentional act of retaliatory discrimination, motivated by Ms. Lightner's prior complaints of discrimination.

47. That Ms. Lightner has been directly and proximately damaged by Defendants wrongful conduct, including emotional pain and suffering, mental anguish, loss of income, moving relocation expenses, and injury to reputation.

48. That because Defendant Nathan engaged in retaliatory discriminatory conduct with malice and reckless indifference to the protected rights of Ms. Lightner, Defendant Nathan is liable for punitive damages.

49. That as a direct and proximate result of said retaliation, Ms. Lightner has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

## COUNT TWO
## DEPRIVATION OF EQUAL PROTECTION; 42 U.S.C. §1983

**IV. Defendant violated Ms. Lightner's right to be free of discrimination by not providing her with the equal protections codified in their company polices and laws of the North Carolina Constitution and United States Constitution.**

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 49 and incorporates the same by reference herein as if again fully set forth.

51. That Ms. Lightner's complaints of discrimination and abuse of authority motivated Defendants to retaliate against Ms. Lightner and create a hostile work environment that forced Ms. Lightner to resign, rather than be terminated.

52. That Defendants instructions to Ms. Lightner to engage in intentional violation of policy and state and federal law, were motivated by discrimination.

7

53. That Ms. Lightner had the right to be free of discrimination after she exercised her legal right and duty to report that Defendant Nathan violated state and federal law and Defendants policies and procedures, pursuant to N.C. Gen. Stat. §126-84-85.

54. That Defendants actions caused Ms. Lightner to feel targeted and not free of discrimination within her workplace.

55. Employees that did not complain of discrimination and Defendant Nathan's abuse of discretion did not experience the same adverse treatment as Ms. Lightner did.

56. That Defendants had a pattern of violating their own internal polices and laws of North Carolina and the United States Constitution in motivation of race and age discrimination.

57. Defendants were all state actors acting under the color of State Law.

58. That Defendants subjected Ms. Lightner to violations of her rights to Equal Protection and to personal security and bodily integrity by: (a) failing to adequately investigate reports of discrimination and violation state and federal law; (b) failing to address Defendant Nathan's behavior; (c) failing to adequately supervise and monitor Defendant Nathan; and (d) manifesting deliberate indifference towards discrimination of applicants.

59. Defendant Inlivian has followed these unconstitutional practices and policies with regard to discrimination of housing applicants.

60. That Defendant Inlivian was on notice that Defendant Employees were discriminating against housing applicants.

61. That Judicial Notice can be taken to discover all matters of public records and information that Rule 201 of the Federal Rules of Civil Procedure constitute facts to adjudicate said claim.

62. That Defendant Nathan, at all relevant times, was a policymaker for the purpose of implementing Inlivian's unconstitutional policies or customs.

63. Defendant Inlivian and/or practices and tacit authorization of Defendant Nathan's discriminatory practices constituted disparate treatment of housing applicants and Ms. Lightner.

64. As a direct and proximate result of Defendants unconstitutional policies and/or practices that promoted deliberate indifference Ms. Lightner suffered severe physical, emotional and psychological injuries and is entitled to compensatory damages in an amount in excess of $25,000.00.

**WHEREFORE**, Plaintiff prays that:

1. She recovers damages, wages, benefits, and other compensation to which she is entitled, from defendants incurred and to be incurred in an amount in excess of $25,000.00;
2. That she recovers from Defendants compensatory and punitive damages in an amount to be determined at trial;
3. That Plaintiff's judgment bears such interest as is provided by law;
4. That Plaintiff's employment with Defendants be reinstated;
5. That Plaintiff is able to recover back pay from the Defendants;
6. That the costs of this action be taxed against Defendants and that Plaintiff recover her extensive relocation fees, attorney's fees and expenses and costs of litigation pursuant to 42 U.S.C § 1988;
7. And that all issues of fact be tried by jury, and that Plaintiff have such other and further relief as the court may deem just and proper.

Respectfully submitted this the 8th day of December 2023.

                                          **RICHBERG LAW, PLLC**

                                          _/s/_ Shayla C. Richberg
                                          Shayla C. Richberg, NC Bar No. 44743
                                          Attorney for the Plaintiff
                                          3326 Durham-Chapel Hill Blvd B- 120A
                                          Durham, NC 27707
                                          Phone: 919.403.2444
                                          Fax: 919.869.1440
                                          Email: DefendMe@RichbergLaw.com

10

Case 3:23-cv-00846-MOC-SCR    Document 1    Filed 12/08/23    Page 10 of 11

# CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this document has been served upon Defendant and Defendant's chief executive officer, by FedEx Delivery, at the contact information below:

Inlivian
c/o Harriet Huell
Registered Agent
1301 South Blvd
Charlotte, NC 28203-4209

Angus Fulton Meachem, Jr.
Chief Executive Officer
4134 Amber Leigh Way Drive
Charlotte, NC 28269

Monica Nathan
8511 Tweedsmuir Glen Lane
Charlotte, NC 28215

                                                  **RICHBERG LAW, PLLC**

                                          /s/ Shayla C. Richberg
                                          Shayla C. Richberg
                                          NC Bar No. 44743
                                          Attorney For Plaintiff
                                          3326 Durham-Chapel Hill Blvd B- 120A
                                          Durham, NC 27707
                                          Phone: 919.403.2444
                                          Fax: 919.869.1440
                                          Email: DefendMe@RichbergLaw.com