IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-cv-00846-MOC-SCR

| | |
|---|---|
| TONYA LIGHTNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INLIVIAN, formally known as the CHARLOTTE HOUSING AUTHORITY; and MONICA NATHAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>　　　　Defendants. | **ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS** |

DEFENDANTS MONICA NATHAN and INLIVIAN ("Defendants") by and through its undersigned counsel, set forth the following as their Answer and Affirmative Defenses to the Complaint filed by as follows:

## RESERVATION & ASSERTION OF DEFENSES, PRIVILEGES, AND IMMUNITIES

As further set forth in their Affirmative Defenses below, Defendants reserve all rights, privileges, and immunities pursuant to, *inter alia,* Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6), 12(c), and 12(h) and the Constitutions of the United States of America and the State of North Carolina, including, *inter alia*, such governmental and sovereign immunities as may be afforded by the foregoing, including the amendments thereto. Unless specifically admitted by Defendants below, Defendants

104532290.1

Case 3:23-cv-00846-MOC-SCR   Document 14   Filed 02/09/24   Page 1 of 14

generally deny all allegations and prayers for relief against them pursuant to, *inter alia*, Fed. R. Civ. P. 8(b)(3). Otherwise, Defendants specifically responds to the allegations in the Complaint as follows:

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Denied.

2. Denied.

## PARTIES

3. Defendants lack sufficient information to admit or deny the allegations therefore, they are denied.

4. Admitted upon information and belief. .

5. Without waiving any applicable affirmative defense, privilege or immunity, admitted.

6. Paragraph 6 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, paragraph 6 is denied.

7. With respect to paragraph 7, it is admitted that, at times relevant to this action, Ms. Nathan was employed by INLIVIAN as its "Senior VP of Program Operations" for INLIVIAN'S "CORE" division. Except as admitted, denied.

8. Admitted at times relevant to this action.

## JURISDICTION AND VENUE

9. Defendants lack sufficient information to admit or deny what "primary acts" are referred to in the allegations contained in paragraph 9; therefore, the allegations are denied.

10. Admitted that was employed by Defendant until her voluntary resignation. Except as admitted, denied.

11. Defendants lack sufficient information to admit or deny what "is meant by "annual gross receipts," therefore allegations pertaining to "gross receipts" are denied. The remainder of paragraph 11 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, the reminder of paragraph 11 is denied.

12. Denied.

13. Paragraph 13 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, paragraph 13 is denied.

14. Paragraph 14 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, paragraph 14 is denied.

15. It is admitted that contends this is an action to redress the alleged, but denied, deprivation of Plaintiff constitutional rights under the Fourteenth

Amendment of the United States Constitution pursuant to 42 U.S.C. §1983. It is denied that Defendants are liable to under the United States or North Carolina Constitution or under any other legal or equitable theory.

16. Paragraph 16 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, paragraph 16 is denied.

17. Without admitting any liability and specifically denying the same, Defendants do not contest venue in this matter. Except as admitted, paragraph 17 is denied.

## STATEMENT OF THE FACTS

18. It is admitted that Plaintiff self-identifies as a Black female over 40 years of age. Except as admitted, denied. It is specifically denied that was terminated by INLIVIAN.

19. With respect to paragraph 19, it is admitted that, at times relevant to this action, Ms. Nathan was employed by INLIVIAN as its "Senior VP of Program Operations" for INLIVIAN'S "CORE" division and its "Home Ownership Program" and that she was eligible to receive a gross annual salary of $65,000 while so employed. Except as admitted, denied.

20. It is admitted that while employed by INLIVIAN (as previously admitted), Plaintiff job responsibilities included, among others, management

oversight of two (2) subordinate employees, processing and supervising the processing of applications for third-party applicants (first time home buyers) who desired to participate in and receive funds from INLIVIAN'S Homeownership Program.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied. Defendants admit that received one "write-up" for poor job performance.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants lack sufficient information to admit or deny the allegations; therefore, they are denied.

37. Denied.

38. Denied.

## COUNT ONE
## RETALIATORY DISCRIMINATION; 42 U.S.C. 1983

I. Denied.

39. Defendants repeat and reallege the responses contained in paragraphs 1 through 38 and incorporate the same by reference herein as if again fully set forth.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

# COUNT TWO
# DEPRIVATION OF EQUAL PROTECTION; 42 U.S.C. §1983

**IV.** Denied.

50. Defendants repeat and reallege the responses contained in paragraphs 1 through 49 and incorporate the same by reference herein as if again fully set forth.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Paragraph 61 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, paragraph 61 is denied.

62. Paragraph 62 makes no substantive factual allegations, only legal conclusions or legal argument, to which no response is required. To the extent a response is required, paragraph 62 is denied.

63. Denied.

64. Denied.

EACH AND EVERY ALLEGATION NOT SPECIFICALLY ADMITTED IS EXPRESSLY DENIED

**<u>AFFIRMATIVE DEFENSES</u>**

Defendants restate and reincorporate by reference its responses to the foregoing paragraphs, including the Introduction, as if fully set forth herein. By way of further answer, and reserving the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined through discovery in this matter, Defendants plead the following affirmative defenses:

1. Pursuant to Rule Fed. R. Civ. P. 12(h), 12(b)(1) and 12(b)(2), Defendants pleads lack of subject matter jurisdiction, lack of standing pursuant to Article III of the United States Constitution, and lack of personal jurisdiction as a defense to the Complaint.

2. Pursuant to Rule Fed. R. Civ. P. 12(h) and 12(b)(6), Defendants pleads failure to state a claim upon which any relief can be granted a defense to the Complaint, as has not alleged facts sufficient to state a claim against Defendants for discrimination, retaliation, or a deprivation of liberties or rights under Fair Housing Law, 42 U.S.C § 1983, the United States or North Carolina Constitutions, including the Fourteenth Amendments thereto, or any other applicable state or federal law.

Specifically, (a) Plaintiff Complaint fails to comply with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure in accordance with *Iqbal, Twombly,* and their progeny, (b) Plaintiff Complaint does not, as a matter of law, allege sufficient facts to state a claim under any theory, including, but not limited to, disparate treatment, disparate impact, retaliation, hostile work environment, or constructive discharge, (c) Plaintiff Complaint alleges facts which necessarily defeat her claims, and (d) with respect to Punitive Damages, cannot recover punitive damages from INLIVIAN or Defendant Nathan as plead.

3. Without admitting that had any standing to pursue any administrative remedy against Defendants, prior to filing this action, (a) failed to exhaust federal, local, state, and INLIVIAN internal administrative remedies with respect to Defendants, (b) failed to follow mandatory procedural obligations with respect to Defendants, and (c) failed to follow mandatory claim processing and human resource procedural rules with respect to Defendants. Defendant further avers that such failure to exhaust administrative remedies and failure to follow claim processing rules results in the failure of necessary conditions precedent justifying the dismissal of this action.

4. Any tangible adverse employment action(s) taken with respect to Plaintiff's employment, which are denied, would have been taken or would have occurred even if race, or alleged protected activity, was a motivating factor in making

decisions with respect to Plaintiff employment, which is denied. Therefore, Plaintiff has no right to compensatory or punitive damages.

5. Plaintiff was an at-will employee who voluntarily resigned her employment under circumstances which fail to establish a hostile work environment giving rise to a constructive discharge, which claim is entirely barred.

6. At all times, Defendants acted in good faith to comply with all laws governing unlawful discrimination, fair housing practices, and have maintained appropriate polices to prevent discrimination and retaliation. At all times mentioned in the complaint, the answering individual Defendant was employed by INLIVIAN, a municipal corporation, and acting in her official capacities. Defendant Nathan's alleged unlawful actions, which are denied, if made, were made in good faith, without malice and were performed in the reasonable belief that those actions were authorized by and in accord with existing law and authority.

7. Plaintiff's rights, privileges, and immunities secured under the Constitution, or Laws of the United States or the State of North Carolina, have not been violated by any alleged action of the Defendants.

8. Defendants are immune from liability for the actions alleged in the Complaint based on the doctrines of government, sovereign, public official, qualified, discretionary act immunity, and absolute immunity, including, *inter alia*, the immunities promised by North Carolina State Law, the United States and North

Carolina Constitution, and their amendments, including the Eleventh Amendment and such immunities have not been waived by Defendants.

9. Plaintiff lacks standing to assert claims through her Complaint which are predicated on the alleged rights of third-parties who are not parties to this action.

10. There is a lack of temporal proximity between the alleged protected activity engaged in by Plaintiff and any alleged adverse employment action.

11. To the extent Plaintiff's claims against INLIVIAN are based on vicarious liability or respondent superior, they are barred insomuch as a municipal corporation cannot be liable for Section 1983 based solely on *respondeat superior*.

12. Any damages allegedly owed to Plaintiff are cut off as of the date he obtained equivalent employment.

13. To the extent that Plaintiff has not sought equivalent employment opportunities subsequent to her employment resignation termination, she has failed to mitigate his damages, and therefore Plaintiff is not entitled to some or all of the relief requested, including lost pay.

14. Any alleged, but denied, discrimination or other violation of law was unintentional, without malice or reckless indifference to Plaintiff rights and was not willful, thereby precluding any claim for liquidated, punitive, or other exemplary damages.

15. Defendants hereby reserve the right to add any additional defenses as investigation in this matter continues.

WHEREFORE, INLIVIAN and Monica Nathan, having fully answered the Complaint, now respectfully requests the Court enter an Order:

1. Dismissing Plaintiff's Complaint with prejudice such that Plaintiff have and recover nothing from Defendant;

2. Taxing the costs of this action against Plaintiff;

3. Awarding Defendant the reasonable costs and attorneys' fees they incurred by defending this action as allowed by law;

4. Allowing a trial by jury on all issues so triable; and

5. For such other and further relief as this Court deems proper.

Respectfully submitted, this the 9th day of February, 2024.

WILLIAMS MULLEN

/s/ Edward S. Schenk
Edward S. Schenk III
N.C. Bar No: 32917
eschenk@williamsmullen.com
Michael C. Lord
N.C. Bar No: 15966
mlord@williamsmullen.com
301 Fayetteville Street, Suite 1700 (27601)
PO Box 1000
Raleigh, NC 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this day, the foregoing document was filed through the CM/ECF system and that such filing was sent electronically to those parties registered with the CM/ECF system.

This, the 9th day of February, 2024.

>WILLIAMS MULLEN
>
>/s/ Edward S. Schenk
>Edward S. Schenk III