**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:23-CV-846- MOC-SCR**

TONYA LIGHTNER,

*Plaintiff*,

**CONSENT PROTECTIVE ORDER**

v.

INLIVIAN, formally known as the
CHARLOTTE HOUSING AUTHORITY;
AND MONICA NATHAN, in her
individual and official capacity;

*Defendants.*

---

Parties, pursuant to Local Civil Rules 26.2 and Federal Rules of Civil Procedure 26(b) and 26(c), moves for entry of a Protective Order to expediate the flow of discovery, facilitate the prompt resolution of disputes of subpoenaed documents, including materials concerning confidentiality; protect certain materials designated as confidential ("Confidential Materials"); and ensure that protection is afforded only to materials so designated.

IT IS HEREBY ORDERED:

1.  **General Scope of the Agreement.** This Protective Order shall govern certain documents and other materials produced in response to subpoenas issued by Plaintiff for information concerning Defendants or Defendants affiliates in this action, specifically including, but not limited to, responses to requests for production of documents and documents produced in accordance therewith; documents subpoenaed from persons or entities not parties to this litigation;

documents subpoenaed in connection with depositions; deposition testimony; and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential Materials" pursuant to this Order:

a) any Party's personal data including, but not limited to: Social Security numbers, tax information, all insurance information, and financial data;

b) any Party's medical or pharmacy records, and other documents related to health information;

c) personal information, records, and communications with community partner organizations, including, but not limited to: Social Security numbers, tax information, insurance information, and financial transactions;

d) portions of personal or personnel file information and records of Defendants' current and/or former employees that are subject to N.C.G.S. § 115C-321;

e) confidential assessments, records related to state and government financial assistance, housing records, and financial records protected by N.C.G.S. § 53B.

2. **<u>Acknowledgment of Order</u>**. Information and documents produced, which is otherwise confidential, shall be produced as necessary to respond to Plaintiff's reasonable subpoena request, and shall be used for no purpose other than prosecuting the Defendants. Access to the information and documents, the matters contained therein, and extracts or summaries thereof shall be limited to the Court; the parties, attorneys of record, their associates, assistants, and employees; Court personnel; and any witness to the extent it is necessary to tender to such witness a confidential document as an exhibit to elicit relevant testimony in this case.

2

3.   **Use of Confidential Materials in this Case.**   Nothing in this Order shall prevent or impair the use by a party of Confidential Materials as set forth in this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein.  Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in this Order at trial in accordance with any rules established by the Court.

4.   **Return of Confidential Information.**   Within ninety (90) days of the conclusion of this litigation (and any appeals), Plaintiff shall either destroy or return to opposing counsel all Confidential Materials or copies of Confidential Materials that have been produced subject to this Protective Order.

5.   **Effective Date.** This order shall be effective immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED**.                              Signed: June 13, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

AGREED TO:


**RICHBERG LAW**

/s/ Shayla C. Richberg
Shayla C. Richberg
N.C. State Bar No. 44743
3326 Durham-Chapel Hill Blvd., B-120A
Durham, North Carolina 27707
Phone:  (919) 403-2444
Fax:  (919) 869-1440
E-mail: defendme@richberglaw.com
*Attorney for Plaintiff*


**WILLIAMS MULLEN**

/s/ Edward S.  Schenk
Edward Schenk
North Carolina State Bar No.:
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
Phone: 919-981-4303; Fax: 919-981-4300
Email: eschenk@williamsmullen.com
*Attorney for Defendants*

4