UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-CV-846-MOC-SCR

| | |
|---|---|
| TONYA LIGHTNER<br>   *Plaintiff*, | **PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO MODIFY PRETRIAL ORDER** |
| v. | |
| INLIVIAN., f/n/a HOUSING AUTHORITY OF THE CITY OF CHARLOTTE, N.C.; C.O.R.E. PROGRAMS, INC., AND MONICA NATHAN In Her Individual and Official Capacity;<br>   *Defendants.* | **Electronically Filed** |

**NOW COMES**, Plaintiff, **TONYA LIGHTNER**, hereinafter referred to as ("Mrs. Lightner"), by and through her counsel of record, Shayla C. Richberg, pursuant to Local Civil Rules 7.1(e), and respectfully submits this Supplemental response in Opposition to Defendants' Motion to Modify the Pretrial Order.

### NATURE OF THE CASE

After Plaintiff's initial response in opposition was filed [DE77], this Court again modified the parties' scheduling order on January 21, 2025, despite Defendants failing to show good cause, the deadline for dispositive motions was extended to April 30, 2025, and parties' jury trial was delayed to August 18, 2025. Accordingly, Mrs. Lightner files this supplemental response to address the additional prejudice caused to her and further grounds for Plaintiff's objection to yet another modification of the parties' scheduling order and undue delay to parties' Jury Trial. Mrs. Lightner requests that the Court award attorney's fees for the time expended in responding to this

motion and impose sanctions on defense counsel for the same reasons, pursuant to Rule 37 of the Rules of Civil Procedure.

## SUPPLEMENTAL ARGUMENT

*Defendants' requests are burdensome*:

Rule 1 of the Federal Rules of Civil Procedure mandates a "just, speedy, and inexpensive resolution of litigation." Fed. R. Civ. P. 1. At this stage in the case, Mrs. Lightner has experienced clear and ongoing prejudice.

All civil discovery into nonprivileged matters, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. Consumer Fin. Prot. Bureau v. Nexus Servs., 2022 U.S. Dist. LEXIS 90308, *15. First, the matter sought must be relevant to any party's claim or defense… and second discovery into relevant matters "must also be proportional to the needs of the case." Id. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Id. "This undue burden category "encompasses situations where [a] subpoena seeks information irrelevant" to the parties' claims or defenses. Id.

Granting another request from the Defendants to modify the parties' scheduling order will amount to this Court's third modification, unduly exacerbating Mrs. Lightner's financial burden.

On January 23, 2025, Mrs. Lightner filed an *in forma pauperis* motion with the Court, providing her financial information and demonstrating her inability to afford the continuing costs of excessive litigation. [DE78] Mrs. Lightner currently works for her daughter and earns approximately $10,000 per year. [DE 80.6]. The original trial date set for April 21, 2025, has now been rescheduled to August 18, 2025, resulting in additional and undue financial strain on Mrs. Lightner. [DE 16] Defendants have failed to provide a valid, good-faith basis for requesting yet

another modification of the scheduling order. Requiring Mrs. Lightner to proceed with these depositions would impose significant financial hardship, as she would need to cover her attorney's and expert billable hours, the costs of deposition transcripts, and her ongoing living expenses.

*Defendants' Request to Modify is Premature*

Defendants' frustration over Plaintiff's counsel properly designating secured leave during the Christmas holiday does not constitute good cause to modify the scheduling order. Contrary to Defendants' assertion that Plaintiff disclosed 25 new witnesses, Plaintiff only disclosed 15 new potential witnesses as the other witnesses were mentioned during Plaintiff's deposition. Defense counsel managed to serve those witnesses during Plaintiff's counsel's leave and completed **nine** depositions, which is two more than what is allowed under the current order.

Consequently, Defendants' requests for additional depositions were premature under Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure. Courts generally "will not grant leave to increase the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A), **or as modified in parties scheduling order**." Zeng v. Marshall Univ., No. 3:17-cv-03008, 2019 U.S. Dist. LEXIS 30054, at *3 (S.D. W. Va. Feb. 26, 2019).

*Defendants' requests for additional discovery are not proportionate to their needs.*

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery is limited to what is proportional to the needs of the case, considering whether "the burden or expense of the proposed discovery outweighs its likely benefit." In this case, Defendants' request is clearly not proportional. By defense counsel's own admission, seeking discovery on "irrelevant topics and improper purposes" would impose a burden "greater than this case is even potentially worth" [DE 61.1]. Granting Defendants' request to modify the scheduling order for additional depositions

3

would impose an undue financial burden on Mrs. Lightner far outweighing any potential probative value.

Defendants accuse Mrs. Lightner of treating this case as an "unlimited regulatory compliance audit" [DE 61.1] and engaging in a "fishing expedition" [DE 61.1], citing <u>Farrell Creations & Restorations LLC v. Advance Auto Parts, Inc</u>., 2019 WL 1421165, at *2 (W.D.N.C. Mar. 29, 2019), which holds that "[f]ishing expeditions based on hypothetical scenarios where discovery could reveal relevant information are not permitted." However, Defendants' requests for additional discovery to depose witnesses that they claim are not relevant to their defense constitutes a "fishing expedition." On December 18, 2024, Defendants argued that discovery concerning housing violations "simply does not relate in any meaningful way to [Mrs. Lightner's] claims," [DE 61.1]. Yet now, they seek a third modification to the scheduling order to pursue discovery beyond the existing scheduling order to depose "potential" witnesses who have already been disclosed as having information on housing violations. Thus, once again, Defendants failed to assert a good faith reason for additional discovery.

Moreover, courts are unlikely to grant leave absent a specific showing of the need for additional discovery. <u>Zeng v. Marshall Univ.</u>, No. 3:17-cv-03008, 2019 U.S. Dist. LEXIS 30054, at *3 (S.D. W. Va. Feb. 26, 2019). Defense counsel's claim that discussing the homeownership program "does not relate in any meaningful way to [Mrs. Lightner's] claims," [DE 61.1] further fails to establish the necessity for additional depositions. The purpose of the deposition limitation is for counsel to prioritize key witnesses and avoid unnecessarily prolonging litigation. <u>Id.</u> Simply disclosing witnesses in interrogatories does not justify continued litigation that would impose further financial strain on Mrs. Lightner.

Defendants' argument that additional discovery is warranted due to Plaintiff amending her complaint is also meritless. Defendant C.O.R.E. has been a subject of discovery from the onset of this litigation, as Plaintiff was employed by C.O.R.E. The amendment adding C.O.R.E. as a named Defendant was merely procedural, reflecting Plaintiff's discovery of its necessary inclusion. Moreover, prior to Defendants' taking of Plaintiff's deposition, Defendants were fully aware of Plaintiff's allegations as she filed her proposed amended complaint on September 20, 2024, giving Defendants ample opportunity to question Mrs. Lightner during her first deposition. [DE79] Defense Counsel's failure to ask questions concerning any alleged new matters he asserts exists in the amended complaint is careless and Plaintiff should not be prejudiced as a result of such. Moreover, Defendant C.O.R.E. has already served Plaintiff with additional Interrogatories and Requests for Production of Documents so any additional information needed can sufficiently be captured. [DE 80.7]

As noted in *Allegis Grp.*, "[l]ack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" Allegis Grp., Inc. v. Jordan, 689 F. Supp. 2d 104, 107 (D. Md. 2010). Defendants have had sufficient time to prepare their case and research applicable laws. Thus, they fail to meet the good cause standard for modifying the scheduling order. Additionally, any assertion from Defense Counsel's mentioning of him being a substitute of defense counsel in this case should not justify a modification of the scheduling order as he assumed this position knowing the age of this case and his responsibilities to meet case deadlines.

*Defendants Dilatory Tactics should estop additional discovery*

The evidence shows that even if given additional discovery, the Defendants **DO NOT** intend to allow the Plaintiff a fair opportunity to engage in reasonable discovery to discover necessary facts to substantiate her claim that she was subjected to a hostile work environment,

because she was required to violate the law by engaging in Defendants discriminatory practices that prevented qualified participants of the Homeownership Program to receive their benefits. To establish "good cause," the court requires the party seeking relief to show that the deadlines could not reasonably be met despite diligent efforts. Hunt v. Brooks Run Mining Co., Ltd. Liab. Co., 51 F. Supp. 3d 627, 635 (S.D. W. Va. 2014). Although Defendants claim they have been "absolutely diligent" in identifying witnesses, they fail to address their lack of diligence in complying with the scheduling order. [DE 72.1]. Adding to their history of dilatory tactics, On January 14, 2025, the Executive Vice President of C.O.R.E. failed to show up for her previously scheduled deposition, requiring Plaintiff to work around her schedule to sit for a deposition later that week. And yet again on January 17, 2025, Defendants failed to timely respond to Plaintiff's timely served requests for production of documents. [DE 80.8] Even though Defendants untimely served responses on December 23, 2025, Defendants responses were still deficient. [DE 80.9] Nonetheless, Defendants failed to produce Monica Nathan's HCI file which has been a subject of dispute in this Court since July 27, 2024, despite HCI submitting an affidavit in this Court that Defendants were in possession of the requested files and that Defendants had the ability to request them. [DE21] [DE24.2] Further establishing Plaintiff's arguments for why it was a more efficient use of the Plaintiff's and Court's time to have obtained the original file from the Custodian of the Records. [DE43]

"[B]ad faith is clearly evidenced by the repeated and flagrant disregard for the binding orders of the magistrate judge." Flame S.A. v. Indus. Carriers, Inc., 39 F. Supp. 3d 752, 764 (E.D. Va. 2014). In *Flame*, the party provided inconsistent answers, failed to fully explain its inability to produce discovery as ordered, and narrowly interpreted court orders for its own benefit. Id. The same conduct is evident in this case, where Defendants and third-party affidavits have provided conflicting statements, and they have continuously failed to produce discovery as ordered. As such,

these dilatory practices should be strongly discouraged and warrant sanctions under Federal Rule of Civil Procedure 37.

Allowing Defendants to benefit from their own misconduct to have additional discovery would undermine the safeguards established to ensure fairness in litigation and cause undue prejudice to the Plaintiff. The Defendants' dilatory tactics are not only procedurally improper but also fundamentally inequitable under the doctrine of unclean hands and would reward procedural abuse and compromise the fairness of this case.

## CONCLUSION

**WHEREFORE**, While Mrs. Lightner maintains her position that discovery requested for the Plaintiff's case and chief is relevant and proportionate to the needs of her case, such is not the case for Defendants. Additionally, despite the continued prejudice to Mrs. Lightner, she was able to meet her needs within the confines of this Court's order. Plaintiff respectfully objects to a third (3) modification of the scheduling order, as Defendants have failed to state a good faith reason for their need of additional discovery; therefore, the prejudicial value far outweighs any probative value of Defendants being allowed to take additional depositions.

Respectfully submitted, this the 25th day of January 2025.

>/s/ Shayla C. Richberg
>Richberg Law
>3326 Durham-Chapel Hill Blvd. B-120A
>Durham, NC 27707
>Phone: (919) 403.2444
>Fax: (919) 869.1440
>DefendMe@RichbergLaw.com
>State Bar No. 44743
>Attorney for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

This memorandum complies with the page limit provided in L.R. 7.1 (d) and does not exceed 25 pages and contains 7 pages.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Jeremy Stephenson, NC Bar No. 34623
Margaret Taviano, NC Bar No. 61506
LEWIS BRISBOIS BISGAARD & SMITH
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28202
Phone: (704) 557-9929
Fax: (704) 557-9932
Jeremy.Stephenson@LewisBrisbois.com
Margaret.Taviano@LewisBrisbois.com
Attorneys for Defendants

This the 25th day of January 2025.

                                                /s/ Shayla C. Richberg
                                                Richberg Law
                                                3326 Durham-Chapel Hill Blvd. B-120A
                                                Durham, NC 27707
                                                Phone: (919) 403.2444
                                                Fax: (919) 869.1440
                                                DefendMe@RichbergLaw.com
                                                State Bar No. 44743
                                                Attorney for Plaintiff