UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-CV-846-MOC-SCR

| | |
|---|---|
| TONYA LIGHTNER<br>　*Plaintiff*,<br><br>v.<br><br>INLIVIAN., f/n/a HOUSING AUTHORITY OF THE CITY OF CHARLOTTE, N.C.;<br>C.O.R.E. PROGRAMS, INC.<br>AND MONICA NATHAN, In Her Individual AND Official Capacity;<br><br>　*Defendants.* | **EMERGENCY MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. R. 58(b)(1)**<br><br><br><br>**Electronically Filed** |

**COMES NOW** Plaintiff Lightner, by and through undersigned counsel, and respectfully moves this Court for immediate entry of judgment on the jury's general verdicts returned August 25, 2025 [DE 167], and in support thereof shows:

1. On August 25, 2025, the jury returned general verdicts finding: (a) Defendant Monica Nathan liable for Section 1983 violations, awarding $1.00; and (b) Defendants Inlivian and C.O.R.E. liable for negligent supervision and retention under North Carolina law, awarding $2,346,507.10. (DE 167).

2. Federal Rule of Civil Procedure 58(b)(1) provides: "Subject to Rule 54(b) and unless the court orders otherwise, the clerk **must**, without awaiting the court's direction, promptly

1

prepare, sign, and enter the judgment when: (A) the jury returns a general verdict." (emphasis added).

3. The mandatory "must" language creates a ministerial duty. The Advisory Committee Notes to the 2002 Amendment confirm: "The clerk should enter the judgment promptly after receiving the court's decision, without awaiting the court's direction to enter judgment."

4. No judgment has been entered in the 16 days since the verdict, despite counsel's request to the Clerk's office today. (See Exhibit A - September 10, 2025, correspondence).

5. This Court's extension of post-trial motion deadlines to October 6, 2025, does not suspend Rule 58(b)(1)'s mandate. Post-trial motions under Rules 50(b), 59, and 60 run FROM entry of judgment, not before. See Fed. R. Civ. P. 50(b) ("No later than 28 days after the entry of judgment"); Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment").

6. The pendency or anticipation of post-trial motions does not suspend the Clerk's duty to enter judgment. As the North Carolina Court of Appeals has held, while a post-trial motion "may be filed before entry of judgment, [but] the trial court does not have jurisdiction to hear and determine the motion until after entry of judgment." <u>Duff v. Sanctuary at Lake Wylie Prop. Owners Ass'n</u>, 269 N.C. App. 109, 836 S.E.2d 346 (2019) (citing Kor Xiong v. Marks, 193 N.C. App. 644, 646-47, 668 S.E.2d 594, 596-97 (2008)).

7. The failure to enter judgment creates severe procedural prejudice beyond financial harm. Without judgment entry, the time limits for post-trial motions never begin to run, creating indefinite uncertainty. See <u>Carpenter v. Perry</u>, Civil Action No. 2:16-cv-4199, at *34-35 (S.D. W. Va. Mar. 3, 2023) ("the timing requirement of Rule 59(d) is

inapplicable...because judgment has not been entered and thus the clock has not yet begun to run under Rule 59"). The Fourth Circuit has upheld a new trial granted 23 months after a jury verdict where judgment had not been entered. Douglas v. Union Carbide Corp., 311 F.2d 182, 184 (4th Cir. 1962). Without judgment entry, Plaintiff faces:

   a. No finality or closure after prevailing at trial

   b. No triggering of the 30-day appeal deadline under Fed. R. App. P. 4

   c. No limitation on when Defendants may file post-trial motions

   d. Indefinite exposure to the Court's sua sponte power under Rule 59(d)

8. Each day of delay prejudices Plaintiff's substantive rights under 28 U.S.C. § 1961, which calculates post-judgment interest "from the date of the entry of the judgment." At the current federal rate of 3.62%, the daily interest on $2,346,507.10 is $232.73, totaling $3,723.68 in lost interest through today.

9. "A court will in general permit a record to be amended, and a judgment to be entered nunc pro tunc, when it is delayed by the act of the court or the clerk." Bright v. Sugg, 15 N.C. 492, 492 (1834). Here, the 16-day delay results from administrative uncertainty about Rule 58(b)(1)'s application, not from any action by the parties.

**WHEREFORE**, Plaintiff respectfully requests this Court:

1) Enter judgment pursuant to Fed. R. Civ. P. 58(b)(1) as follows:

   a. Against Defendant Monica Nathan: $1.00 for Section 1983 violations

   b. Against Defendants Inlivian and C.O.R.E., jointly and severally: $2,346,507.10 for negligent supervision and retention

3

2) Enter such judgments nunc pro tunc to August 25, 2025, to preserve Plaintiff's interest rights under 28 U.S.C. § 1961;

3) Direct the Clerk to immediately docket these judgments; and

4) Grant all other relief deemed just and proper.

Respectfully submitted this 10th day of September, 2025.

**RICHBERG LAW, PLLC**

/s/ Shayla C. Richberg
Shayla C. Richberg
N.C. Bar #44743
3326 Durham-Chapel Hill Blvd B- 120A
Durham, NC 27707
Phone: 919.403.2444
Fax: 919.869.1440
Email: DefendMe@RichbergLaw.com

4

Case 3:23-cv-00846-MOC-SCR    Document 175    Filed 09/10/25    Page 4 of 5

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.5.

Jeremy Stephenson, NC Bar No. 34623
LEWIS BRISBOIS BISGAARD & SMITH
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28202 Phone: (704) 557-9929
Fax: (704) 557-9932
Jeremy.Stephenson@LewisBrisbois.com
*Attorneys for Defendants*

**RICHBERG LAW, PLLC**

/s/ Shayla C. Richberg
Shayla C. Richberg
N.C. Bar #44743
3326 Durham-Chapel Hill Blvd B- 120A
Durham, NC 27707
Phone: 919.403.2444
Fax: 919.869.1440
Email: DefendMe@RichbergLaw.com